ANDERSON, J.
delivered the opinion of the court. ■
This is a case of probate. The first question I will consider is, did the court err in excluding the testimony of Jackson Martz and Mary M. Martz from the jury on the ground of incompetency. They were both legatees and devisees, and propounders of the will; and the former was the scrivener who wrote it and was named the executor.
Neither of them was incompetent because of interest. Act of March 2d, 1866, first clause of section 1; Code of 1873, p. 1109, ch. 172, ‘i 21. And the former was not incompetent because he was executor. Code of 1873, p. 913, 1 21. Were they incompetent on the ground of being parties? In said twenty-first section of chapter 172, it is enacted that “in all actions, suits or other proceedings of a civil nature, at *law or in equity, &c., the parties thereto, &c., shall, if otherwise competent to testify, &c., be competent to give evidence on their own behalf, and shall be competent and compellable to give testimony on behalf of any other party, &c., except as afterwards provided.” This language is very comprehensive; and this being a suit or proceeding of a civil nature, the parties to it are competent to give evidence on their own behalf, not being otherwise incompetent unless they fall within one or other of the exceptions.
The exceptions are contained in the second section. § 22 of ch. 172 of the Code. The first is incompetency, on the ground of the relation of husband and wife. If they are incompetent as husband and wife the law is not altered; they are not made competent by the twenty-first section. Jackson Martz and his sister Mary do not come within that exception.
Second. Attesting witnesses to wills, deeds, &c., are excepted. They do not come within that exception, as neither of them are attesting witnesses.
Third. When one of the original parties to the contract or other transaction which is the subject of investigation is dead or insane, or incompetent to testify by reason of infancy or any other legal cause, the other party shall not be admitted to testify in his own favor, unless first called to testify on behalf of the party first named. It will be observed that this disqualification which renders a party to the suit incompetent, applies only to one who is a party to the contract or transaction which is the subject of investigation. The exception applies only to a case where there were two or more parties to a contract or transaction, and one of them dies, or becomes insane, or is incompetent to testify for any other legal cause, the other party to the contract or transaction shall not be *admitted to testify. It cnly applies to parties to the contract or transaction which was the subject of the suit or proceeding. The only question then is, were Jackson Martz and his sister Mary parties to the transaction which is the subject of this suit or proceeding? If they were not, they are not embraced in this exception and not rendered incompetent by it.
The execution of the paper, purporting to be the last will and testament of Dorilas *412 Martz, is the transaction which is the subject of this proceeding'. Is it his will? Jackson Martz, and Mary his sister, are legatees and devisees. They may be said to be parties in interest under the will. But are they parties to the transaction of making it? They cannot be said to be parties to the making of the will, because it invests them with an interest. If it be the will of Dorilas Martz, he can be the only party to the transaction. It was his act alone. He may have consulted others, and been advised, and he may have employed a scrivener to write it. But if it -is his will it is his act alone. He is the only party to the transaction of making and executing it. His counsel and advisers and the scrivener are not parties, but only ministering agents. The legatees are parties interested in the will, but they are in no sense parties to the making of it. The transaction of making the will cannot, in any sense, be said to “have been had” with them. It is not a transaction between parties, one of whom is dead or insane, or incompetent to testify from any legal cause, and therefore is not embraced by the exception. There is great force in the argument of the learned counsel for the appellees that the design appears to have been to limit the contract or other transaction to that to which these are parties.” It cannot be said with any propriety that a will is a contract. *The very essence of a genuine will is, that it is the voluntary, independent, individual act of the testator. But unfortunately for the argument this reasoning is applicable only to the exception.
Por the same 'reason these legatees are not incompetent, because other legatees are disqualified to testify by reason of their relation of husband and wife. One party is not incompetent to give testimony because another party is incompetent on account of insanity, or the relation of husband and wife, or for any other legal cause, unless he was a party to the contract or transaction, which is the subject of the investigation. In ’ a suit by an executor upon a contract, between the defendant and his testator, the executor, not being a party to the contract, would be a competent witness, although the defendant could not testify because of the death of the other party to the contract, who is the testator. His incompetency is expressly within the remaining exception. It is in these words: “Where one of the parties is an executor, &C., the other party shall not be permitted to testify in his own favor, unless the contract or other transaction in issue, or subject of investigation, was originally made or had with a person who is living and competent to testify, except as to such things as have been done since the powers of such fiduciaries were assumed.” But the executor is not included in the exception, and consequently is not incompetent. One party to the suit, under this exception, is incompetent as a witness on account of the disqualification of the other party, only in a case where he was a party to the transaction, which is the subject of the suit or proceeding, and the other party to it is dead or insane, or incompetent from some other legal cause.
These are the only exceptions to the competency of ^parties to the action, suit, or proceeding of a civil nature, to give evidence in their own behalf, as provided by the 21st section. And Jackson and Mary Martz not being parties to the transaction, I can see no reason why they should not be admitted to give evidence, which would not apply with equal force to-the admissibility of interested parties in any case. At all events they are not excepted by the statute, and if it is wrong, the remedy is with the legislature and not with the courts. It seems to be the policy of the law, that the objection, on account of the relation of the parties to the cause, should apply to their credibility and not to-their competency. I am of opinion, therefore, that Jackson Martz, and Mary his sister, and co-legatee, were competent witnesses under the statute.
But it is argued that the exception is not well taken, inasmuch as it does not state what was offered to be proved by the witness. It is not a case as to the relevancy of testimony, as in Carpenter & wife v. Utz, cited by the appellee’s counsel. 4-nGratt. 270. If it were, it would have bee necessary for the exceptor to have shown, its relevancy by setting out what could be proved by the witness. But it is a question whether the witness shall be heard at all, though his testimony may be ever so relevant and important. It is not necessary to state what his testimony would be in order to present to the appellate tribunal the question as to the legality and propriety of the decision of the lower court; and the adverse party objecting to his giving testimony at all, implies that his testimony would be unfavorable to him. I am of opinion, therefore, that it was error to exclude these witnesses, and that the exceptions, first and third, which raise the question, are well taken.
I am of opinion that there was no error in admitting *Daniel G. Martz to testify on behalf of the appellees, as set out in appellants’ second bill of exceptions.
A preliminary objection is made to the appellants’ fourth bill of exceptions, that it was not taken in time. The exception may be taken on the trial and before verdict; though the bill may be prepared, and be signed and sealed by the court after verdict and judgment. It appears fr.om the bill of exceptions that the appellants’ counsel alleged and claimed that he had excepted in time; and that the appellees’ counsel claimed that if any exception was taken at the time the evidence was permitted to go to the jury, they did not hear the exception taken. The court not remembering and the entry of the clerk in the memorandum stating that the exception was taken on the trial, I think the court did right to certify the facts, and that it is incumbent *413 on the appellate court to consider the question raised by the bill of exceptions. That question is, was the will of Sarah Martz, the mother of Dorilas Martz, by which she bequeathed the most of her estate to him, legal and relevant testimony in this case. And was the testimony of Curtis Yates of the declarations of Dorilas Martz, to the effect, that ‘"the reason that said Sarah Martz had changed her will, and made her last will was, that she was afraid if she left her property or any part of it to her other sons and daughters that it would be sequestered by the Confederate government, as they lived outside the lines of the said Confederate states.” What bearing could the will of Sarah Martz, or the declarations of Dorilas Martz, as testified to by Yates, have upon the question at issue in this proceeding?
Sarah Martz was the mother of Dorilas, and also of the contestants, and of the propounders of his will. *And _ the evidence tended to impeach his right and title to the property, or a part of it, which he had bequeathed to his brother and sister, Jackson and Mary Martz, and to show’ a joint right with him to the said property by the contestants of his will. But I do not think that the testator’s right of property in the subject of his devises and bequests was proper to be litigated on a motion to admit his will to probate. If they claimed right to the property devised adversely to the devisor, they might assert it in an action at law or by a bill in equity, as the case might be, adapted to one or the other of those jurisdictions. And the probate of the will of Dorilas Martz, could not prejudice them in such proceeding. The introduction of such evidence upon a motion to admit the will to probate, might tend to mislead and prejudice the minds of the jury; and I think its admission in this case was error. I am of opinion therefore, both upon the ground of the exclusion of Jackson and Mary Martz as witnesses, and the admission of the will of Sarah Martz and the testimony of Curtis Yates to go to the jury, to reverse the judgment with costs.
The judgment was as follows:
This day came again the parties by their attorneys, and the court, having maturely considered the transcript of the record of the judgment aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the court below erred in excluding the testimony of Jackson Martz and Mary M. Martz from the jury on the trial of this cause, they being competent -witnesses under the statute ; and also in admitting the will of Sarah Martz and the testimony of Curtis Yates of the declaration of Dorilas Martz. It is therefore ordered 'x'that the judgment of the said Circuit court be reversed and annulled, the verdict of the jury set aside and a new trial awarded the appellant; and that the appellees pay to the appellant his costs expended in the prosecution of his appeal here. And this cause is remanded to the said Circuit court of Rockingham county for further proceedings to be had therein. And in any further trial, the testimony of Jackson Martz and Mary M. Martz, if again offered, shall be admitted; and the will of Sarah Martz and the testimony of Curtis Yates as to the declarations of Dorilas Martz, if again offered, are to be rejected. Which is ordered to be certified to the said Circuit court of Rockingham county.
Judgment reversed.